Joseph La Costa #108443
1855 First Avenue Ste 100
San Diego, Ca 92101
619-922-5287
joelacostaesq@gmail.com



**FILED**

Apr 29 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ armincortez          DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| [KIMBERLY RODRIGUEZ],<br>Plaintiff/Relator,<br><br>COASTAL CLINICAL &<br>MANAGEMENT SERVICES INC,<br>LOYAL SOURCE<br>GOVERNMENT SERVICES,<br>Defendants<br><br>and UNITED STATES OF<br>AMERICA , Real Party in Interest | CASE NO. '25CV1080 AJB  BLM<br><br>QUI TAM COMPLAINT UNDER THE<br>FALSE CLAIMS ACT, 31 U.S.C. §§ 3729-<br>3733<br><br>[FILED UNDER SEAL PURSUANT TO 31<br>U.S.C. § 3730(b)(2)] |

## INTRODUCTION

This is a Qui Tam action brought by Plaintiff/Relator KIMBERLY RODRIGUEZ ("Relator") on behalf of the United States of America ("Government") pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, to recover damages and civil penalties arising from fraudulent claims submitted to the United States Government by Defendants COASTAL CLINICAL & MANAGEMENT SERVICES INC, [Meal Prep Company], Loyal Source Government Services, and DOES 1-50 (collectively, "Defendants").

1

Relator was employed by Defendant COASTAL CLINICAL & MANAGEMENT SERVICES INC, a third-party contractor, from 2023 to 2024, to provide care for detained children entering the United States at a U.S. Customs and Border Protection ("CBP") facility in Chula Vista, California. During this period, Relator personally observed Defendants' fraudulent conduct, including the submission of false claims for payment related to meal preparation services and medical care that were either not provided, substandard, or otherwise in violation of contractual obligations funded by the Government.

Defendants knowingly caused false or fraudulent claims to be submitted to the Government by misrepresenting the quality, quantity, and delivery of services, including meal preparation and medical care, for which millions of dollars in federal funds were allocated, resulting in significant harm to detainees and unjust enrichment to Defendants.

Relator brings this action to recover treble damages, civil penalties, and other relief as provided under the FCA.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

Venue is proper in the Southern District of California under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391 because the acts alleged herein occurred within this judicial district, including at the CBP facility in Chula Vista, California.

## PARTIES

Relator KIMBERLY RODRIGUEZ is a resident of Chula Vista, California, who was employed by Defendant COASTAL CLINICAL & MANAGEMENT SERVICES INC as a caretaker for detained children at the CBP facility in Chula Vista from 2023 to 2024. Relator has direct and independent knowledge of the facts alleged herein.

2

Defendant COASTAL CLINICAL & MANAGEMENT SERVICES INC is a third-party contractor hired by the United States Government to provide staffing and support services, including caretaking, at CBP facilities in the Southern District of California. Its principal place of business is Rockledge, Florida..

Defendant Loyal Source Government Services LLC is a third-party contractor hired by the Government to provide medical personnel, including nurse practitioners and nursing staff, to care for detainees at CBP facilities. Its principal place of business is Orlando, Florida.

The United States of America is the real party in interest, as the fraudulent conduct alleged herein caused financial loss to federal funds administered by agencies such as CBP.

## FACTUAL ALLEGATIONS

From 2023 to 2024, Relator was employed by Defendant COASTAL CLINICAL & MANAGEMENT SERVICES INC as a caretaker for children detained at the CBP facility in Chula Vista, California. In this role, Relator was responsible for assisting with the basic needs of detainees, including distributing food and ensuring their well-being.

The Government allocated Billions of dollars to third-party contractors, including Defendants, to provide essential services such as meal preparation and medical care for detainees. Relator learned from conversations with CBP agents and fellow caretakers that substantial federal funding had been provided for these services. COASTAL CLINICAL & MANAGEMENT SERVICES INC received over 100 million dollars.

defendants and each of them contracted with a meal prep company which was contracted to provide nutritious and adequate meals to detainees. However, Relator observed that the meals provided were consistently substandard, inadequate, or nonexistent.

Instead of prepared meals, detainees were routinely fed a diet consisting primarily of chips, cookies, frozen burritos, frozen peanut butter and jelly sandwiches, and water or juice

3

purchased in bulk from Costco by CBP agents. These items were often stored improperly, resulting in moldy or spoiled food being served.

Relator witnessed detainees refusing to eat due to sickness, constipation, or the poor quality of the food. On multiple occasions, Relator observed detainees becoming ill after consuming the provided food and water.

Despite the cancellation of the meal prep contract (as reported by CBP supervisors), Defendants continued to submit claims for payment to the Government for services that were not rendered or were grossly inadequate, in violation of their contractual obligations.

Relator was instructed to fill 5-gallon water tanks from an outdoor hose, which was then distributed to detainees. Relator observed detainees becoming sick from this water, suggesting contamination or improper sourcing, further evidencing Defendants' failure to provide safe and adequate provisions as required by their contracts.

CBP agents and supervisors informed Relator and other caretakers that "millions had been provided" for meal preparation services, yet the funds were not used for their intended purpose, indicating that Defendants falsely certified compliance with their contracts or submitted claims for services not performed.

## FRAUDULENT MEDICAL SERVICES

Defendant Loyal Source Government Serviceswas contracted to provide medical personnel, including nurse practitioners and nurses, to care for detainees. Relator observed that these services were either not provided or were delivered by biased or negligent staff who prioritized cost-saving over patient care. Defendant Loyal Source Government Services received over two billion dollars for these services.

4

Detainees frequently lacked access to necessary medications and proper medical attention, resulting in untreated illnesses and suffering. Relator believes this was a deliberate effort to reduce expenses while Defendants continued to bill the Government for full services.

## RETALIATION AND SUPPRESSION

Relator was discouraged from raising concerns about these conditions. Speaking up about the poor quality of food, water, or medical care risked being "blacklisted" by supervisors or agents, a term used to describe informal retaliation against employees who challenged the status quo.

For example, Relator was reprimanded for allowing detainees to choose their preferred flavor of chips, demonstrating the extent to which oversight and accountability were suppressed.

## FALSE CLAIMS TO THE GOVERNMENT

Defendants knowingly submitted or caused to be submitted false claims to the Government by billing for meal preparation and medical services that were not provided, were substandard, or did not meet contractual standards.

These actions resulted in the Government paying millions of dollars for services that were not delivered as promised, defrauding the United States and causing harm to vulnerable detainees.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(A)(1)(A)
## (PRESENTING FALSE CLAIMS)

Relator incorporates by reference all preceding paragraphs.

Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States Government by submitting invoices for meal preparation and medical services that were not provided or were grossly inadequate.

As a result, the United States suffered damages in an amount to be determined at trial.

## COUNT II: VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(A)(1)(B)

### (MAKING OR USING FALSE RECORDS OR STATEMENTS)

Relator incorporates by reference all preceding paragraphs.

Defendants knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims, including certifications that services were provided in accordance with contractual terms when they were not.

As a result, the United States suffered damages in an amount to be determined at trial.

### RELIEF REQUESTED

WHEREFORE, Relator, on behalf of the United States, requests the following relief:

A. That the Court award damages to the United States in an amount equal to three times the damages sustained by the Government, as provided under 31 U.S.C. § 3729(a), but in case less than $20, 000,000.00

B. That the Court impose civil penalties of not less than $11,803 and not more than $23,607 (adjusted for inflation as of 2023) for each false claim submitted by Defendants, as provided under 31 U.S.C. § 3729(a);

C. That Relator be awarded a share of the recovery, between 15% and 25% if the Government intervenes, or between 25% and 30% if the Government does not intervene, as provided under 31 U.S.C. § 3730(d);

D. That Relator be awarded reasonable attorneys' fees, costs, and expenses, as provided under 31 U.S.C. § 3730(d); and

E. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Relator demands a trial by jury on all issues so triable.

6

**NOTICE TO THE GOVERNMENT**

Pursuant to 31 U.S.C. § 3730(b)(2), this Complaint is filed under seal and served only on the United States Government, along with a written disclosure of substantially all material evidence and information in Relator's possession, to allow the Government to investigate and determine whether to intervene.

Dated: April 29, 2025

Respectfully submitted,

/s/ Joseph La Costa

Attorney for Plaintiff /Relator