ADAM GORDON
United States Attorney
STEPHEN H. WONG
Assistant U.S. Attorneys
Cal. State Bar No.212485
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-9464
stephen.wong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. KIMBERLY RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COASTAL CLINIC & MANAGEMENT SERVICES INC, LOYAL SOURCE GOVERNMENT SERVICES,<br><br>Defendants. | Case No.: 25CV1080-AJB (BLM)<br><br>**UNITED STATES' NOTICE OF VOLUNTARY DISMISSAL; MOTION TO INTERVENE; AND MOTION TO DISMISS PURSUANT TO 31 U.S.C. §§ 3730(C)(3) AND 3730(C)(2)(A)**<br><br>Hearing Date: October 8, 2026<br>Time:          10:00 A.M.<br>Courtroom:     4A |

Plaintiff, the United States of America, hereby provides notice that it is dismissing this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); 31 U.S.C. §§ 3730(c)(3) and (c)(2)(A) of the False Claims Act ("FCA"); and for that purpose moves to intervene in this action. Good cause exists to permit intervention because the United States seeks to dismiss this action. The United States is entitled to dismissal under *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), and Fed. R. Civ. P. 41(a)(1), because it seeks dismissal before Defendants have filed an answer or motion for summary judgment. Therefore, the United States' motion should be granted in its entirety.

//

DATED:    July 16, 2026    Respectfully submitted,

ADAM GORDON
United States Attorney

 _s/Stephen H. Wong_
STEPHEN H. WONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*

*25CV1080*

ADAM GORDON
United States Attorney
STEPHEN H. WONG
Assistant U.S. Attorneys
Cal. State Bar No.212485
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-9464
Stephen.Wong@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. KIMBERLY RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COASTAL CLINIC & MANAGEMENT SERVICES INC, LOYAL SOURCE GOVERNMENT SERVICES,<br><br>Defendants. | Case No.: 25CV1080-AJB (BLM)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' NOTICE OF DISMISSAL; MOTION TO INTERVENE; AND MOTION TO DISMISS PURSUANT TO 31 U.S.C. §§ 3730(C)(3) AND 3730(C)(2)(A*)*<br><br>Hearing Date: October 8, 2026<br>Time:              10:00 A.M.<br>Courtroom:      4A |

The United States, through counsel, submits this memorandum in support of its Notice of Dismissal; Motion to Intervene; and Motion to Dismiss pursuant to 31 U.S.C. §§ 3730(C)(3) and 3730(C)(2)(A).[1]

## I.

---

[1] 31 U.S.C. section 3730(C)(2)(A) provides: "The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."

*Notice of Voluntary Dismissal; Motion to Intervene;*
*and Motion to Dismiss*                                                                                                        *25CV1080*

## Background

### A.    False Claims Act Overview

The False Claims Act (FCA) imposes civil penalties and treble damages, in part, on any person or entity that (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," in violation of 31 U.S.C. § 3729(a)(1)(A), and (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," in violation of § 3729(a)(1)(B). *See* 31 U.S.C. §§ 3729–33. Civil suits to enforce the FCA may be filed by the Attorney General, or by a private person who files suit "for the person and for the United States Government" in the name of the United States. *Id*. §§ 3730(a), (b)(1). The private person is known as a "relator," and the suit is called a "*qui tam*" action. *See id.* § 3730(b)(1).

After investigating the claims raised in a *qui tam* action, the FCA requires the United States to notify the court whether it will intervene in the action or decline to take over the action. 31 U.S.C. § 3730(b)(4). Where the United States intervenes, the United States assumes "the primary responsibility for prosecuting the action" and is not bound by any act of the relator. *Id*. § 3730(c)(1). As the party with primary responsibility over the action, the United States may proceed with the action, settle the case over the relator's objection, or dismiss the case over the relator's objection. *Id*. §§ 3730(c)(2)(A)–(B). If the United States declines to intervene, "the person bringing the action shall have the right to conduct the action." *Id*. § 3730(b)(4). But even after declining to intervene, the United States may still intervene "upon a showing of good cause," in which case it then assumes primary responsibility for the action and assumes all the same rights described above. *Id*. § 3730(c)(3).

### B.    The *Qui Tam* Action

On April 29, 2025, Relator Kimberly Rodriguez filed a complaint under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). ECF No. 1 (Complaint). The named defendants are: (1) Coastal Clinic & Management Services, Inc. (CCMS) and (2) Loyal Source Government Services LLC (Loyal Source).

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*

*25CV1080*

Relator alleges in the Complaint that she was an employee at CCMS in 2023 and 2024, where she served as a caretaker for children detained at the Customs and Border Patrol facility in Chula Vista, CA. Complaint at 3. Relator further alleges that CCMS contracted with the United States to provide "nutritious and adequate meals to detainees" and defrauded the United States by providing meals that were "substandard, inadequate, or nonexistent." *Id*. Relator further alleges that Loyal Source contracted with the United States to provide medical services but either did not provide such services or delivered them by biased or negligent staff. *Id*. at 4-5.

On January 20, 2026, after investigating Relator's claims, the United States filed its notice of its election to decline to intervene in this matter, and the case was unsealed two days later. ECF Nos. 6, 7. On March 27, 2026, Relator and Defendant Loyal Source filed a joint motion to dismiss Loyal Source. ECF No. 12. On April 28, 2026, the Court issued an Order to Show Cause (OSC) why the case should not be dismissed for failure to timely effect service. ECF No. 14. The Court discharged the OSC on June 5, 2026. ECF No. 19. On June 16, 2026, Defendant CCMS filed an *ex parte* motion for an order dismissing the complaint for failure to comply with the Court's April 28, 2026, OSC. On June 22, 2026, while CCMS'*ex parte* motion was pending, Relator filed proof of service of a summons on CCMS.  ECF No. 22.  On June 30, 2026, the Court issued an order denying the *ex parte* motion to dismiss but granting CCMS a 21-day extension to file a responsive pleading. ECF No. 23. CCMS has not yet filed an answer or responsive pleading to the Complaint.

## II.  Analysis

**A.    The United States' Motion to Intervene Should Be Granted Because the United States Has Good Cause to Intervene for the Purpose of Dismissal.**

The United States has good cause to intervene in this *qui tam* action for the purpose of dismissal. In *United States ex rel. Polansky v. Executive Health Resources, Inc.,* 599 U.S. 419 (2023), the Supreme Court held that if the United States wishes to dismiss a *qui tam* suit pursuant to 31 U.S.C. § 3730(c)(2)(A), it must first intervene. *Polansky*, 599 U.S. at 430–31. The FCA provides that the United States may intervene in a *qui tam* suit after

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*

*25CV1080*

declining upon a showing of "good cause." 31 U.S.C. § 3730(c)(3). The Third Circuit concluded in *Polansky* (which the Supreme Court affirmed "across the board"), that the United States' request to dismiss the suit "itself establishes good cause to intervene." *Polansky*, 599 U.S. at 429 n.2; *see also United States ex rel. Carver v. Physicians Pain Specialists of Alabama*, P.C., No. 22-13608, 2023 WL 4853328, at \*6 n.4 (11th Cir. July 31, 2023) ("the same grounds that support dismissal also provide good cause to intervene").

The Court may allow the United States to intervene in a *qui tam* action, even after it previously declined intervention, when a "legally sufficient reason" to do so exists. *See id.* at 387. *Polansky,* 599 U.S. at 434. This is because, *qui tam* suits are "brought in the name of the Government" and "the injury they assert is exclusively to the Government." *Id.* at 424–25 (citing § 3730(b)(1)) (holding that "the Government's interest in the suit is the same [at any stage] – and is the predominant one.").

Here, the United States has good cause to intervene because it seeks to dismiss Relator's Complaint. *Polansky,* 599 U.S. at 429 n.2; *Carver*, 2023 WL 4853328, at \*6 n.4. Dismissing the Complaint by itself establishes "good cause" to intervene and for that reason it is "legally sufficient." *Polansky*, 599 U.S. at 429n.2; *Carver,* 2023 WL 4853328, at \*6 n.4. The United States' motion to intervene should therefore be granted.

**B.    The United States' Motion to Dismiss Relator's Claims Should Be Granted Because It Is Entitled to Dismissal.**

The United States has an interest in dismissing this *qui tam* action and properly moves to do so. Once the United States intervenes in a *qui tam* action, the FCA authorizes it to dismiss such an action, even if the relator objects. 31 U.S.C. § 3730(c)(2)(A). In *Polansky*, the Supreme Court held that Fed. R. Civ. P. 41(a) is the proper standard to evaluate a motion to dismiss under 3730(c)(2)(A). *See* 599 U.S. at 424 ("We . . . hold that in handling such a motion, district courts should apply the rule generally governing voluntary dismissal of suits: Federal Rule of Civil Procedure 41(a)").

Under Fed. R. Civ. P. 41(a)(1) and *Polansky* (599 U.S. at 419), the United States is entitled to dismissal because Defendant has not yet filed a responsive pleading. If the United

6

States moves to dismiss before the defendants have served an answer or a motion for summary judgment, then dismissal may be accomplished merely by the filing of a "notice of dismissal." Fed. R. Civ. P. 41(a)(1)(A)(i).[2] The district court "has no adjudicatory role" other than to dismiss the action, except where dismissal may implicate constitutional constraints. *Polansky*, 599 U.S. at 436 n.4.; *United States ex rel. Sargent v. McDonough,* No. 1:23-CV-00328-LEW, 2024 WL 809902, at *1 (D. Me. Feb. 26, 2024) (granting 3730(c)(2)(A) motion and noting that "[w]here the motion to dismiss comes before the opposing party serves either an answer or a motion for summary judgment, dismissal is virtually an entitlement."); *See also*, *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment . . . [T]his 'absolute right' . . . leaves no role for the court to play.") (citations and internal quotations omitted).

Here, after investigating Relator's claims, the United States has weighed the costs of litigating this matter against the likelihood of success and determined that dismissal is commensurate with the public interest. The United States has concluded that the anticipated discovery and litigation obligations associated with the continued litigation of this case will impose a substantial and undue burden on the U.S. Department of Homeland Security and the U.S. Department of Justice. Under *Polansky* and Rule 41(a)(1), the United States is entitled to dismiss this action pursuant to 31 U.S.C. § 3730(c)(2)(A). *See Boeing Co.*, 193 F.3d at 1078 (A plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.) (citations and internal quotations omitted).

---

[2] Fed. R. Civ. P. 41(a)(1) provides in relevant part: (a) Voluntary Dismissal . . . (1) *By the Plaintiff* . . . (A) *Without a Court Order* . . . Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*

*25CV1080*

## C.     This Motion Does Not Require an In-Person Hearing Because No Constitutional Constraints Are Implicated.

No Constitutional concerns are raised by the instant motion and therefore no in-person hearing is required. When the United States moves to dismiss pursuant to 3730(c)(2)(A), the relator is entitled to notice and an opportunity for a hearing on the United States' motion. 31 U.S.C. § 3730(c)(2)(A). In *Polansky*, the Supreme Court addressed how to reconcile the relator's right to a hearing with the fact that the district court has no adjudicatory role under Rule 41(a)(1), other than to grant the United States' motion to dismiss when dismissal is sought before the defendant files an answer or a motion for summary judgment. The Supreme Court, citing the Third Circuit's opinion from which *certiorari* was granted, suggested that a hearing might inquire into any allegations that a dismissal "violate[s] the relator's rights to due process or equal protection." *Polansky*, 599 U.S. at 436 n.4. Consistent with Rule 41(a)(1), however, the Supreme Court was careful to emphasize that in the absence of any Constitutional violations, the district court must grant a motion to dismiss under 3730(c)(2)(A) where the United States files such a motion prior to any answer or motion for summary judgment. *See id.*, 599 U.S. at 435 ("If the defendant has not yet served an answer or summary judgment motion, the plaintiff need only file a notice of dismissal.").

The United States is not aware of any such Constitutional concerns in the instant case. Accordingly, no in-person hearing is required in this matter. *See United States v. Smart Holding Corp.*, No. 3:22-CV-02960-SPM, 2024 WL 2019135, at *2 (S.D. Ill. May 6, 2024) ("Gaines had an opportunity to be heard by filing a response to the motion. This is all that is required by the False Claims Act and Rule 41."); *McDonough*, 2024 WL 809902, at *2 (granting 3730(c)(2)(A) motion to dismiss without an in-person hearing).

//

//

//

//

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*

*25CV1080*

### III. Conclusion

For the reasons discussed above, the United States respectfully requests that the Court (1) permit the United States to intervene in this matter, as the United States has good cause to do so, and (2) grant the United States' motion to dismiss the allegations in Relator's Complaint pursuant to 31 U.S.C. § 3730(c)(2)(A) and Fed. R. Civ. P. 41(a)(1).


DATED:     July 16, 2026          Respectfully submitted,

ADAM GORDON
United States Attorney

*s/Stephen H. Wong*
STEPHEN H. WONG
Assistant United States Attorney

Attorneys for
UNITED STATES OF AMERICA

*Notice of Voluntary Dismissal; Motion to Intervene; and Motion to Dismiss*                                      *25CV1080*