Ryan H. Weinstein (Cal. Bar No. 240405)
ryan.weinstein@ropesgray.com
ROPES & GRAY LLP
10250 Constellation Boulevard
Los Angeles, California 90067
Telephone:  +1 310 975 3310
Facsimile:  +1 310 975 3400

Attorney for Specially Appearing Defendant
COASTAL CLINICAL & MANAGEMENT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KIMBERLY RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COASTAL CLINICAL & MANAGEMENT SERVICES, INC., *et al.,*<br><br>Defendants. | Case No. 25-cv-01080-AJB-BLM<br><br>**DECLARATION OF RYAN H. WEINSTEIN IN SUPPORT OF *EX PARTE* APPLICATION OF SPECIALLY APPEARING DEFENDANT COASTAL CLINICAL & MANAGEMENT SERVICES, INC.  FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING PENDING THE UNITED STATES' MOTION TO INTERVENE AND DISMISS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Courtroom: 4A |

WEINSTEIN DECL. ISO EX PARTE APP

## <u>DECLARATION OF RYAN H. WEINSTEIN</u>

I, Ryan H. Weinstein, declare as follows:

1.      I am an attorney with the law firm Ropes & Gray LLP and counsel for Specially Appearing Defendant Coastal Clinical & Management Services, Inc. ("CCMS"). I make this declaration in support of CCMS's *Ex Parte* Application for An Extension of Time to File a Responsive Pleading Pending Resolution of the United States' Motions to Intervene and Dismiss ("Government Motions"). I have personal knowledge of the facts stated herein, except as otherwise stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2.      Pursuant to Civil Local Rule 83.3(g)(2) and Rule V.A of this Court's Civil Case Procedures, I gave notice to Plaintiff's counsel, Joseph La Costa, via email regarding the date, time, and substantive basis of this ex parte application. Specifically, on July 16, 2026—the same day the government filed its motion—I sent an email to Mr. La Costa requesting that Plaintiff stipulate to an extension of time for CCMS to answer or otherwise respond to the Complaint, with CCMS's response to be due 21 days following the Court's ruling on the Government Motions. I explained that this extension would conserve judicial and party resources. A true and correct copy of my July 16, 2026 email to Mr. La Costa is attached hereto as **Exhibit 1.**

3.      On July 17, 2026, having received no response from Mr. La Costa, I sent a follow-up email reiterating the request for a stipulation. I explained that, in light of the Government Motions, a further extension would avoid the potentially needless expenditure of judicial and party resources. I further advised Mr. La Costa that if Plaintiff was not inclined to stipulate, my email would serve as notice pursuant to Civil Local Rule 83.3(g) that CCMS intended to apply ex parte for the requested extension on Monday morning. I stated that if Plaintiff was amenable, we would prepare a joint motion for his review. A true and correct copy of my July 17, 2026 email is attached hereto as **Exhibit 2.**

1

WEINSTEIN DECL.

4.    At approximately 1:26 p.m. on July 17, 2026, Mr. La Costa responded by email, but did not address the stipulation request. Instead, Mr. La Costa asked only: "can i give you another 2 weeks to respond?" This response did not address CCMS's request that the extension be tied to the Court's ruling on the Government Motions, nor did it indicate whether Plaintiff would stipulate to a joint motion before the Court.

5.    That same day, at approximately 2:20 p.m. on July 17, 2026, I sent a third email to Mr. La Costa proposing a compromise: if Plaintiff would agree to a stipulation giving CCMS 14 days (instead of 21 days) from the date the Court resolves the pending Government Motions to respond to the Complaint, CCMS would accept that stipulation. I explained that such an approach would conserve not only the Court's and CCMS's resources but Plaintiff's as well, as it would avoid the need for Plaintiff to respond to two pending motions at once. I requested that Mr. La Costa confirm whether he agreed to the stipulation and stated that, if so, we were prepared to file a joint stipulation on Monday morning. A true and correct copy of this email is attached hereto as **Exhibit 3.**

6.    Despite this third request, Mr. La Costa again failed to address the proposed stipulation. At approximately 5:02 p.m. on July 17, 2026, Mr. La Costa responded by email asking, "Are you going to file a 12b motion?" At approximately 5:56 p.m. that evening, Mr. La Costa sent a further email stating, "Why not file that motion now. You understand how this federal court works. We won't have a decision on any motion til the winter." Neither of these responses addressed CCMS's stipulation request.

7.    As of this filing, despite three separate requests made on July 16 and 17, 2026, Mr. La Costa has failed to provide a substantive response regarding whether Plaintiff will stipulate to the requested extension of time, thus necessitating this application.

WEINSTEIN DECL.

8.    Pursuant to Section V.A of this Court's Civil Case Procedures, I contacted the Court's law clerk via email on July 20, 2026, prior to filing this ex parte application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, at Los Angeles, California.


By:    */s/ Ryan H. Weinstein*
          Ryan H. Weinstein

WEINSTEIN DECL.